1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                  EASTERN DISTRICT OF WASHINGTON

7   NATIONAL UNION FIRE
    INSURANCE OF PITTSBURGH, PA,          NO:  CV-10-443-RMP
8
                              Plaintiff,  ORDER GRANTING
9        v.                               DEFENDANT'S MOTION FOR
                                          ABSTENTION AND DISMISSAL
10  MICHAEL A DAVIS; JOHN
    MAXWELL; TIDYMAN'S
11  MANAGEMENT SERVICES, INC.;
    TIDYMAN'S INC.; TIDYMAN'S
12  L.L.C.,

13                            Defendant.

14                        **I.  INTRODUCTION**

15          Before the Court is Defendant Tidyman's Management Services, Inc.'s

16  Motion for Abstention and Dismissal, ECF No. 3.  Oral Argument was held on

17  04/14/2011.  The Court has reviewed the Complaint, ECF No. 1, Defendant's

18  Motion, ECF No. 3, Defendant's Memorandum, ECF No. 4, Declaration of

19  Michael G. Black, ECF No. 5, Plaintiff's Memorandum, ECF No. 17, Declaration

20  ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND
    DISMISSAL ~ 1

of Donald J. Verfurth, ECF No. 18, 20, Defendant's Reply, ECF No. 23,

Declaration of Michael G. Black, ECF No. 24, Defendant's Supplement, ECF No.

26, all attached exhibits and the file and pleadings in this matter and is fully

informed.

## II. BACKGROUND

Tidyman's, L.L.C., is a Delaware Limited Liability Company with its

principal place of business in Spokane, Washington.  ECF No. 24 at 21-22.  TMSI

is a Washington Corporation that ran a chain of grocery stores.  Tidyman's, L.L.C.

was formed in 1998 as part of a deal between TMSI and another supermarket

chain.  TMSI was completely owned by the Tidyman's Management Services, Inc.,

Employee Stock Ownership Plan and Trust ("ESOP").  Maxwell and Davis were

officers of Tidyman's, L.L.C.  Plaintiff, National Union Fire Insurance Company

of Pittsburg PA ("NUFI"), and Tidyman's L.L.C. entered into a Directors, Officers

and Private Company Liability Insurance Policy.  ECF No. 1 at 14, 15-122.

In 2007, employee members of the ESOP sued, among others, TMSI,

Tidyman's L.L.C., Maxwell, and Davis in the United States District Court for the

District of Montana.  ECF No. 5 at 8, 9-31.  In their amended complaint, the

members of the ESOP alleged violations of the Employee Retirement Income

Security Act ("ERISA"), and state-law corporate fiduciary duties.  ECF No. 5 at 8,

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND
DISMISSAL ~ 2

18-30.  The lead plaintiff was Thomas Nagrone, and the action was referred to as the *Nagrone* case.

In 2008, while the *Nagrone* case was pending, a subset of the *Nagrone* plaintiffs filed suit against NUFI and two other insurance companies.  ECF No. 5 at 34, 34-42.  The complaint alleged that the insurers had policies covering the alleged misconduct in the *Nagrone* action.  ECF No. 5 at 34, 38.  The complaint further alleged that the insurance companies, including NUFI, had failed to respond to requests for explanations of coverage and had refused to participate in the resolution of the *Nagrone* matter in violation of Montana's Unfair Trade Practices Act.  EFC No. 5 at 34, 38-39.  With regard to NUFI, the plaintiffs requested relief in the form of an order requiring NUFI to comply with the Montana Unfair Trade Practices Act.  EFC No. 5 at 34, 40-41.  The lead plaintiff in this action was named Lenora Bateman, and the case was referred to as the *Bateman* action.

NUFI moved for dismissal of the *Bateman* action under FRCP 12(b)(6).  ECF No. 20 at 5, 6-21.  Magistrate Judge Jeremiah Lynch recommended that NUFI's motion to dismiss be granted because the plaintiffs had not presented a case or controversy as required by the United States Constitution.  ECF No. 20 at 24, 28-30.  The crux of the magistrate judge's determination was that the plaintiffs were simply asking the court to order NUFI to follow Montana law and any

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND DISMISSAL ~ 3

opinion to that effect would be advisory.  ECF No. 20 at 24, 28-30.  Judge Malloy

adopted the findings and recommendations of the magistrate judge in total and the

*Bateman* case was dismissed.  ECF No. 5 at 44, 46.

In *Nagrone*, after mediation, the parties entered a settlement as to the ERISA

claims.  EFC No. 24, at 99-105.  After the settlement, only the state-law corporate

duty claims against Davis and Maxwell remained.  ECF No. 24, at 99, 102.  The

court dismissed those claims on both state law and preemption grounds.  On

review, the Ninth Circuit reversed and remanded.  *Nagrone, et al v. Davis, et al.*,

368 F. App'x 743 (9ᵗʰ Cir. 2010).  On remand, the district court found that because

the ERISA claims had been resolved, the basis for federal jurisdiction was no

longer present, and the court declined to exercise supplemental jurisdiction.

*Nagrone v. Davis*, No. 07-cv-00004-DWM, 2010 WL 1981575, at *1 (D. Mont.

May 14, 2010).  Accordingly, the court dismissed the case without prejudice.  *Id.*

On May 21, 2010, the plaintiffs from the *Nagrone* action, along with TMSI,

brought an action in Montana state court against Davis and Maxwell alleging

breaches of corporate fiduciary duties.  ECF No. 5 at 48, 48-69.  In a letter dated

August 5, 2010, NUFI informed Maxwell and Davis that due to the addition of

TMSI as a plaintiff, NUFI did not believe that the action implicated coverage

under the insurance policy.  ECF No. 5 at 341-45.  The plaintiffs then amended

their complaint to include NUFI as a named defendant and requested declaratory

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND
DISMISSAL ~ 4

1    relief to determine whether "the liability asserted against Maxwell and Davis is

2    covered under the National Union policy" and whether "there are no applicable

3    exclusions."  EFC No. 5 at 82, 101-02.

4        On September 22, 2010, NUFI moved to dismiss under FRCP 12(b)(6)

5    arguing that the declaratory judgment action was not ripe and that Montana law

6    precluded such an action.  ECF No. 5 at 108, 108-111; ECF No. 20 at 33.

7        In October, due to NUFI's decision not to defend them, Maxwell and Davis

8    signed stipulations, subject to approval by the Montana state court, agreeing to

9    judgment being entered against them and assigning their rights, claims and causes

10   against NUFI to the plaintiffs.  ECF No. 20 at 66-67, 73-74.  The plaintiffs, in turn,

11   agreed not to execute the judgment against Davis and Maxwell's personal assets.

12   ECF No. 20 at 66-67, 73-74.  On November 5 and 29, 2010, the plaintiffs filed

13   motions to approve the stipulations and enter judgment.  ECF No. 20 at 77-84, 93-

14   100.

15       On November 22, 2010, NUFI filed a reply brief in the Montana state court

16   in support of its 12(b)(6) motion to dismiss combined with a brief in support of a

17   conditional motion to intervene in the Montana action in order to contest

18   Maxwell's and Davis' stipulations.  ECF No. 5 at 136-147.  Attached was a letter

19   to counsel for Maxwell and Davis dated November 19, 2010 which stated that

20   "[u]pon reconsideration of [it's] coverage position, [NUFI] will advance defense

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND
DISMISSAL ~ 5

costs to [Maxwell and Davis] . . . subject to a full Reservation of Rights."  ECF No. 5 at 149.  Additionally, in December, NUFI filed a brief to postpone consideration of the plaintiffs' motions until after NUFI's motion to dismiss was addressed.  ECF No. 5 at 156-163.  On the same day, NUFI filed the present action in this Court seeking a declaration of its duty to defend or indemnify Maxwell and Davis.  ECF No. 1.  On January 6, 2011, TMSI moved this Court to dismiss NUFI's declaratory judgment action in favor of the pending action in Montana. ECF No. 3.

## APPLICABLE LAW

The Declaratory Judgment Act ("DJA") allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  Such power is limited to cases within the declaring court's jurisdiction and to cases of actual controversy.  28 U.S.C. § 2201(a).  While the DJA empowers a court to grant such relief, it does not compel a court to hear a declaratory judgment action. 28 U.S.C. § 2201(a) ("[A]ny court of the United States . . . *may* declare the rights and other legal relations of any interested party." (emphasis added));  The DJA has been characterized as "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND DISMISSAL ~ 6

U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

As part of that discretion, a court may decline to exercise jurisdiction in favor of "parallel state litigation." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281 (1995) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)). When determining whether to exercise its discretion, "[t]he *Brillhart* factors remain the philosophic touchstone for the district court." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

The United States Supreme Court has characterized the *Brillhart* inquiry as an examination into "'the scope of the pending state court proceeding and the nature of defenses open there.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)). In making this inquiry a district court must consider "'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)).

The Ninth Circuit has distilled *Brillhart* into three factors that guide a court's decision to decline jurisdiction: (1) to "avoid needless determination of state law issues;" (2) to "discourage litigants from filing declaratory actions as a

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND DISMISSAL ~ 7

means of forum shopping;" and (3) to "avoid duplicative litigation." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (citing *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371-73 (9th Cir. 1991) *overruled on other grounds by Dizol*, 133 F.3d 1220).

The factors gleaned from *Brillhart* are non-exhaustive, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995), and the Ninth Circuit has identified other factors including:

> "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."

*Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998) (quoting *American States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994)).  The Ninth Circuit has recognized that where "there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

## DISCUSSION

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND DISMISSAL ~ 8

1    An application of the *Brillhart* factors makes clear that this Court should

2    decline exercising jurisdiction in this case.

3    **Avoiding Needless Determinations of State Law**

4    The first *Brillhart* factor directs district courts to avoid making needless

5    determinations of state law.  *Dizol*, 133 F.3d at 1225.  The basis for this factor is

6    the difficulty federal courts face when determining complex state law issues as

7    well as concerns over interference with state law.  *Chamberlain v. Allstate Ins. Co.*,

8    931 F.2d 1361, 1367 (9th Cir. 1991).  The Ninth Circuit recognized that where "the

9    sole basis of jurisdiction is diversity of citizenship the federal interest is at its

10   nadir." *Robsac*, 947 F.2d at 1371 (9th Cir. 1991).  Similarly, the Ninth Circuit

11   recognized that insurance law is an area that the Congress has left to the states.  *Id.*

12   The court has counseled that "'[t]he states regulate insurance companies for the

13   protection of their residents, and state courts are best situated to identify and

14   enforce the public policies that form the foundation of such regulations.'"

15   *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 799 (9th Cir. 1995)

16   (quoting *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir.1990)) *overruled*

17   *on other grounds by Dizol*, 133 F.3d at 1220.

18   In the case before this Court, the basis for jurisdiction is diversity and the

19   sole issues in this action are questions of state insurance law.  These factors weigh

20   in favor of declining to exercise jurisdiction.  While NUFI asserts that Washington

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND
DISMISSAL ~ 9

law will supply the rule of decision in this case and Montana's interest will be

diminished, it does not change the fact that issues of insurance are best left to the

state courts.  Accordingly, the first *Brillhart* factor supports declining jurisdiction.

**Discouraging Forum Shopping**

The second *Brillart* factor seeks to discourage the use of the declaratory

judgment procedure as a means to forum shop.  *Dizol*, 133 F.3d at 1225.  This

factor is primarily concerned with "reactive" declaratory judgment suits.  *Robsac*,

947 F.2d at 1371.  The Ninth Circuit has stated that "[a] declaratory judgment

action by an insurance company against its insured during the pendency of a non-

removable state court action presenting the same issues of state law is an archetype

of what we have termed 'reactive' litigation."  *Robsac*, 947 F.2d at 1372 (citing

*Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249, 1254 n. 4

(1987)).  That is the exact situation of the present case.  Here, NUFI filed this

action while the underlying action was pending in the Montana state court.

Therefore, analysis of the second *Brillhart* factor supports declining jurisdiction.

**Avoiding Duplicative Litigation**

The third factor identified by the Ninth Circuit is avoiding duplicative

litigation.  *Robsac*, 947 F.2d at 1373.  This factor turns on whether the issues in

this case are, or could be, addressed in the state proceedings.  *See id.*  Here, the

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND
DISMISSAL ~ 10

1    issues to be determined in this action overlap with issues in the Montana state court

2    action.

3           In its complaint, NUFI is asking this Court to determine whether NUFI has a

4    duty to defend or indemnify Maxwell and Davis.  Currently, these questions have

5    been posed to the Montana state court.

6           Montana law "'provides that where the insurer refuses to defend a claim and

7    does so unjustifiably, that insurer becomes liable for defense costs and

8    judgments.'"  *Farmers Union Mut. Ins. Co. v. Staples*, 90 P.3d 381, 385 (Mont.

9    2004) (quoting *Lee v. USAA Cas. Ins. Co.*, 86 P.3d 562 (Mont. 2004)).  Here,

10   Davis and Maxwell have signed stipulations as a result of NUFI's temporary

11   refusal to defend the two.  In light of those stipulations and NUFI's temporary

12   refusal to defend Maxwell and Davis, the plaintiffs in the Montana state action

13   have filed motions for acceptance of the stipulations and entry of judgment on a

14   theory that NUFI owed Maxwell and Davis a duty to defend and that it has

15   breached that duty.  Accordingly, the issue of NUFI's duty to defend Davis and

16   Maxwell is properly before the Montana state court.

17          Similarly, the question of whether NUFI owes a duty to indemnify Davis

18   and Maxwell is also before the Montana state court.  First, the question is

19   necessarily implicated in the Montana state court plaintiffs' motion to enter

20   judgment based on Davis' and Maxwell's stipulations.  Second, the indemnity

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND
DISMISSAL ~ 11

1    issue is alleged in the Montana state court plaintiffs' complaint as a declaratory

2    judgment action against NUFI.  While resolution of the indemnity question may

3    have to wait until liability of the insured individuals has been established, the

4    question of the insured individuals' liability is currently before the Montana state

5    court.  Therefore, the Montana state court case presents parallel issues.

6            Even if the questions of NUFI's duties to defend or indemnify were not

7    currently pending in the Montana state court action, this factor would still weigh in

8    favor of declining jurisdiction.  The Ninth Circuit has counseled that "when an

9    ongoing state proceeding involves a state law issue that is predicated on the same

10   factual transaction or occurrence involved in a matter pending before a federal

11   court, the state court is the more suitable forum for a petitioner to bring a related

12   claim."  *American Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir.

13   1995), *overruled on other grounds by Dizol*, 133 F.3d at 1220.  That is the exact

14   situation presented by this case.  Because the Montana court already has been

15   presented with the issues that NUFI seeks to have determined by this Court, and

16   because the Montana state court is a better venue for resolution of these issues,

17   analysis of the third *Brillhart* factor supports declining jurisdiction.

18   **Other Factors**

19           The Court concludes that some other factors identified by the Ninth Circuit

20   also support declining jurisdiction.  First, a declaratory action in this Court would

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND
DISMISSAL ~ 12

1    not settle all aspects of the controversy because the liability determination and the

2    issue of Maxwell's and Davis' stipulations are solely before the Montana state

3    court.  Secondly, a declaratory action in this Court could lead to entanglement

4    between the federal and state court systems by giving rise to contradictory

5    holdings.  In short, the Court finds no basis to exercise jurisdiction in this case.

6          As a final argument, NUFI asserts that the Court should retain jurisdiction

7    because not all parties can be joined in the Montana action.  However, TMSI,

8    Maxwell, and Davis all appear capable of appearing in the Montana action.  While

9    NUFI suggests that Tidyman's,  L.L.C. may not be subject to Montana state court

10   jurisdiction, NUFI fails to satisfactorily explain why Tidyman's, L.L.C. is even a

11   party to this suit.  NUFI's complaint before this Court describes the action as one

12   "seek[ing] a declaration from this Court that [NUFI] has no duty to defend or

13   indemnify defendants Davis and Maxwell in connection with an action pending in

14   Montana Fourth Judicial District Court Missoula County."  ECF No. 1 at 2.

15   Tidyman's L.L.C. has no part in the Montana action and no determination of its

16   liability is sought.  Accordingly, any determination of NUFI's duty to defend or

17   indemnify Tidyman's L.L.C. would likely only be advisory.  Ultimately, NUFI's

18   argument does not provide a basis for this Court's accepting jurisdiction.

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND
DISMISSAL ~ 13

1

**CONCLUSION**

2    Jurisdiction under the Declaratory Judgment Act is discretionary.  *See* 28

3  U.S.C. § 2201.  The *Brillhart* factors provide guidance in the application of that

4  discretion.  For the foregoing reasons, it is clear that the *Brillhart* factors counsel

5  this Court to use its discretion to decline to exercise jurisdiction.

6    Accordingly,

7    **IT IS HEREBY ORDERED:**

8      1.  Defendant Tidyman's Management Services, Inc.'s Motion for

9        Abstention and Dismissal, **EFC No. 3**, is **GRANTED**.

10     2.  The Court declines to exercise jurisdiction under 28 U.S.C. § 2201.

11     3.  The above captioned complaint is **DISMISSED WITHOUT**

12        **PREJUDICE** as to all parties.

13     4.  All pending motions in this case including Defendant Tidyman's

14        Management Services, Inc.'s Motion to Strike, **ECF No. 33**, Tidyman's

15        Management Services, Inc.'s Motion to Stay Discovery, **ECF No. 47**,

16        and National Union Fire Insurance Company of Pittsburgh, PA's Motion

17        for Leave to Amend Complaint, **ECF No. 54**, are **DENIED AS MOOT.**

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND
DISMISSAL ~ 14

1    5.  Judgment shall be entered for the Defendants.

2    **IT IS SO ORDERED**. The District Court Executive is hereby directed to

3    enter this Order, enter Judgment as outlined above, provide copies to counsel, and

4    to **close** this case.

5    **DATED** this 31st of May, 2011.

6

7                          _____s/ Rosanna Malouf Peterson_____
                          ROSANNA MALOUF PETERSON
8                          Chief United States District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR ABSTENTION AND
DISMISSAL ~ 15